[Civ. No. 7545. First Appellate District, Division Two.—April 25, 1931.]

JOHN J. H. GROSSMAN, Appellant, v. F. W. BALL-MANN et al., Respondents.

R. C. Young, Emil Grosman and Leo Sullivan for Appellant.

Fernhoff & Sevier and V. Lewis Kaye for Respondents.

NOURSE, P. J.—Plaintiff sued as assignee upon two promissory notes executed by defendants Ballmann and Struthers with the Struthers Manufacturing Company, a corporation, as payee. Defendant Ballmann filed a counterclaim for $1,000, money advanced to the corporation. The cause was tried without a jury and resulted in a judgment for defendants. The plaintiff appeals on typewritten transcripts.

The two notes amounted to $1310, upon which a balance of $900 was unpaid. They were transferred to John Brett, who was a director and vice-president of the defendant corporation. The assignment was made without corporate authority and without consideration. Brett assigned them to plaintiff for collection with full knowledge of these infirmities and of the outstanding counterclaim of Ballmann. The findings of the trial court demanded a judgment for defendants, hence the only real issue on this appeal is whether the evidence supports the findings made. As to this there is no substantial conflict. An apparent

conflict is created by the construction which the appellant places upon some of the testimony, but our review of the evidence satisfies us that it is more than sufficient to support the findings and we can serve no purpose by detailing the complicated transactions of the parties as found in the record.

■ Upon the issue of the counterclaim there is a mixed question of law involved which merits some consideration. The corporation applied to the state commissioner of corporations for leave to issue 3,500 shares of its stock to certain named individuals in consideration of the assignment to the corporation of patent rights, and other property, and for leave to sell 1500 shares. Permission was granted to issue 3,500 shares "to the persons named in its application" and "to *sell* 1500 shares to the persons named in its application". Ballmann paid the corporation $1,000 in cash "for 100 shares of Struthers Manufacturing Company stock *to be* issued as soon as permit is granted". Ballmann was not one of those named in the application filed with the corporation commissioner, and the trial court found that when the money was paid the corporation did not have the legal right to sell any stock to him. In attacking this finding the appellant argues that because the corporation in its application asked leave to sell 1500 shares of stock to the public and stated that "it is expected that this stock will be taken by employees of the company and friends of the incorporators", therefore, when the permit was granted to sell that number of shares "to the persons named in its application" the commissioner intended the "employees" and "friends" rather than the named individuals appearing in the application. The trial court interpreted the expression in this part of the permit to mean the same as in the first paragraph, which authorized the issue of 3,500 shares "to the persons named in its application", in consideration for properties transferred to the corporation.

■ This interpretation is both sound and reasonable and is in accord with that placed upon the permit by the corporate officers, who at all times declined to issue the stock to Ballman. When, in September, 1928, all permits to issue stock were revoked by the state department the corporation nevertheless continued to hold Ballmann's $1,000. Upon these facts the trial court correctly found that the corpora-

tion at all times held this sum of $1,000 for the use and benefit of Ballmann; that he received no consideration for the payment of that sum to the corporation, and that he was entitled to counterclaim that amount against the claims alleged in the complaint.

Mr. Brett was not a holder in due course of the notes in suit, and did not acquire any title upon which this suit could be founded. The trial court found that the assignment of the notes to him was without authority and without consideration and was done with full knowledge on Brett's part of the other facts found. Ample evidence supports these findings, and this being so, further discussion is unnecessary.

Judgment affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 25, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 22, 1931.